No. 22-3222

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

MAURICE J. SALEM,

    Plaintiff-Appellant,

      v.

ILLINOIS ATTORNEY REGISTRATION
AND DISCIPLINARY COMMISSION, an
Illinois agency, and JEROME LARKIN,
officially and individually,

    Defendants-Appellees.

Appeal From The United States District Court
For The Northern District Of Illinois
Eastern Division
Case No. 1:20-cv-06531
The Honorable Judge John J. Tharp

**BRIEF OF
DEFENDANTS-APPELLEES**

Attorney Registration & Disciplinary
   Commission
Steven R. Splitt
Attorney for Defendants-Appellees,

130 East Randolph Drive, Suite 1500
Chicago, IL  60601
(312) 565-2600
ssplitt@iardc.org

## CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court Number:  22-3222

Short Caption:  Salem v. ARDC

1.     The full name of every party the attorney represents in this case is:  The Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois and Jerome Larkin.

2.     The names of all law firms whose partners or associates have appeared for the party in this case or are expected to appear for the party in this case is:  The Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois.

3.     The parties are not corporations.

Attorney's name:  Steven R. Splitt

I am counsel of record for the Illinois ARDC and Jerome Larkin pursuant to Circuit Rule 3(d)

Address:      Attorney Registration and Disciplinary Commission
              130 East Randolph Drive, Suite 1500
              Chicago, IL  60601

Telephone:   (312) 540-5329

Fax:          (312) 565-2320

E-Mail:       ssplitt@iardc.org

# TABLE OF CONTENTS

Page(s)

Disclosure Statement.................................................................... i

Table of Contents ....................................................................... ii

Table of Authorities ................................................................... iii

Jurisdictional Statement ..............................................................1

Issues Presented for Review..........................................................2

Statement of the Case ..................................................................2

Summary of the Argument...........................................................7

Argument

      I.    The District Court Properly Denied Plaintiff's Motions
          To Transfer Venue And Recuse ........................................8

      II.   Plaintiff Failed To State A Claim Based On The Attorney
          Discipline Summary On The ARDC's Website .................11

      III.  Plaintiff's Suspension-Based Claims Are Barred By
          *Rooker-Feldman* ...........................................................16

Conclusion.................................................................................21

Certificate of Compliance with F.R.A.P. Rule 32(a)................22

Proof of Service .........................................................................23

## <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>Cases</u>

*4901 Corp. v. Town of Cicero*, 220 F.3d 522 (7th Cir. 2000) ...................................16

*Andrade v. City of Hammond*, 9 F.4th 947 (7th Cir. 2021)......................................16

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................12

*Bell v. Lane*, 657 F. Supp. 815 (N.D. Ill. 1987)...........................................................12

*Bonnstetter v. City of Chicago*, 811 F.3d 969 (7th Cir. 2016) ..................................12

*D'Addabbo v. Obama*, 530 Fed. Appx. 828 (10th Cir. 2013)....................................10

*D'Amico v. Treat*, 379 F. Supp. 1004 (N.D. Ill. 1974) ................................................8

*Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) ................... 16-21

*In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990)..........................................................8

*In re Mitan*, 75 Ill. 2d 118 (1979) .......................................................................17, 18

*In re Thomas*, 2012 IL 113035 .....................................................................................17

*Johnson v. Sup. Ct. of Ill.*, 165 F.3d 1140 (7th Cir. 1999)................................. 16-19

*LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937 (7th Cir. 2010) ...... 12-13

*Lanahan v. County of Cook*, 41 F.4th 854 (7th Cir. 2022) ........................................12

*Levin v. Atty. Reg. & Disc. Comm'n*
    *of the Sup. Ct.*, 74 F.3d 763 (7th Cir. 1996) ............................................. 18-20

*McCauley v. City of Chicago*, 671 F.3d 611 (7th Cir. 2011) .....................................12

*Miller v. City of Monona*, 784 F.3d 1113 (7th Cir. 2015) .........................................13

*People v. Cline*, 2022 IL 126383.......................................................................... 15-19

*People ex rel. Ill. State Bar Ass'n v.*
    *Peoples Stock Yard Bank*, 344 Ill. 462 (1931)................................................18

*Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990 (7th Cir. 2000) .........................16

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) .............................................. 16-21

*Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010) .........................................12

*U.S. v. Barr*, 960 F.3d 906 (7th Cir. 2020) ...............................................................9

*U.S. v. Baskes*, 687 F.2d 165 (7th Cir. 1981) ...........................................................10

*U.S. v. Beck*, 615 F.2d 441 (7th Cir. 1980) .........................................................15, 19

*U.S. v. Gordon*, 2007 U.S. Dist. LEXIS 79591 (Colo. Oct. 19, 2007) .......................10

*U.S. v. Philpot*, 733 F.3d 734 (7th Cir. 2013) ...........................................................8

*U.S. v. Walsh*, 47 F.4th 491 (7th Cir. 2022) .............................................................8

<u>Constitutional Provisions, Statutes & Rules</u>

28 U.S.C. §§ 351-364 ..............................................................................................10

28 U.S.C. § 455(a) ....................................................................................................9

28 U.S.C. § 455(b)(1) ................................................................................................9

28 U.S.C. § 1391 .................................................................................................. 8-9

28 U.S.C. § 1404(a) ..................................................................................................9

42 U.S.C. § 1983.............................................................................................*passim*

Illinois Supreme Court Rule 707(j) ..........................................................................17

Illinois Supreme Court Rule 779...............................................................................17

Illinois Supreme Court Rule 753(e)(4) ....................................................................14

## JURISDICTIONAL STATEMENT

Plaintiff's jurisdictional statement is not complete or correct.

Plaintiff Maurice Salem filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of Illinois, Eastern Division, against the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois ("ARDC") and its Administrator, Jerome Larkin, in his official and individual capacities. Doc. 1. Count I alleged that Defendants violated Plaintiff's equal protection rights by posting on the ARDC website a false summary of the Illinois Supreme Court's order imposing attorney discipline on Plaintiff and by suspending his ability to provide limited legal services in Illinois. Doc. 1 at ¶¶ 113-24. Count II alleged that Defendants violated Plaintiff's substantive due process rights by suspending his ability to provide limited legal services in Illinois. Doc. 1 at ¶¶ 126-33. Count III alleged that Defendants violated Plaintiff's procedural due process rights in connection with the suspension. Doc. 1 at ¶¶ 135-48. Plaintiff abandoned his procedural due process claim in his response and sur-reply to Defendants' motion to dismiss the complaint. Doc. 32 at 6-7; Doc. 36 at 7; Doc. 39 at 5-6.

The district court had jurisdiction over Count I of Plaintiff's complaint pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. The district court lacked subject matter jurisdiction over Count II pursuant to *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 480 U.S. 462 (1983), because the count sought review of the Illinois Supreme Court's discipline order.

The district court entered an order on November 23, 2022, dismissing the complaint. Doc. 39. It determined that Plaintiff's false-publication claim failed on the pleadings and that it lacked subject matter jurisdiction over Plaintiff's suspension-based claim. Doc. 39 at 6-16.

Plaintiff filed a notice of appeal on December 13, 2022. Doc. 40. This Court has jurisdiction over this appeal from the district court's final order pursuant to 28 U.S.C. § 1291.

## ISSUES PRESENTED FOR REVIEW

1.    Whether District Court Judge John J. Tharp correctly declined to transfer venue to the U.S. District Court for the Western District of Michigan and to recuse himself in this matter?

2.    Whether Plaintiff failed to state an equal protection claim based on the Defendants' posting of a disciplinary summary on the ARDC's website?

3.    Whether Plaintiff's claim challenging the suspension of his ability to provide limited legal services in Illinois is barred by the *Rooker-Feldman* doctrine?

## STATEMENT OF THE CASE

This case is a civil rights case brought pursuant to 42 U.S.C. § 1983 by a New York lawyer, Maurice Salem, whose ability to provide limited legal services in Illinois was suspended by the Illinois Supreme Court for 90 days and until further order of the court on January 29, 2019. Doc. 1 at ¶¶ 1-3, 6, 73.

Background

Plaintiff was denied admission to the Illinois bar in 2006 after proceedings before the Committee on Character and Fitness of the Illinois Board of Admissions to the Bar (an agency of the Illinois Supreme Court), but he has been licensed in various federal jurisdictions based on his New York law license.  Doc. 25, Ex. 1 at 4-5. Beginning in 2004, Plaintiff obtained permission to provide legal services in several Illinois state court proceedings pursuant to what was formerly known in Illinois as *pro hac vice* admission and what is now governed by Illinois Supreme Court Rule 707. Doc 25, Ex. 1 at 6, 9-10.

In 2015, Plaintiff sued Defendants Larkin, the ARDC, an ARDC staff attorney, and Illinois attorney Joel Brodsky in the U.S. District Court for the Northern District of Illinois alleging that they had unconstitutionally, and based on malice towards him, conspired to deprive him of the ability to provide limited legal services in Illinois. Doc. 25, Ex. 2 at 1, 9.  District Judge Sara L. Ellis dismissed Plaintiff's claim without prejudice for failure to allege well-pleaded facts.  Doc. 25, Ex. 2.

Plaintiff's Illinois Disciplinary Proceedings

On April 28, 2016, the ARDC filed a four-count disciplinary complaint against Plaintiff alleging that he had engaged in the unauthorized practice of law in Illinois, falsely held himself out as an Illinois attorney, and made false statements to two Illinois circuit court judges.  Doc. 25, Ex. 1 at 2-3.  On October 18, 2017, after a hearing, the ARDC's Hearing Board issued a report finding only that Plaintiff had held himself out as an Illinois attorney to one judge.  Doc. 25, Ex. 1 at 22-27.  It

recommended that he be censured.  Doc. 25, Ex. 1 at 37.

The ARDC appealed to the ARDC's Review Board asserting error in the findings of misconduct and the recommended sanction.  Doc. 25, Ex. 3 at 1-2.  The Review Board considered the briefs and arguments of the parties and, on October 31, 2018, issued a report affirming the Hearing Board's findings of misconduct and its recommended sanction.  Doc. 25, Ex. 3 at 11-21.

On December 5, 2018, the ARDC filed in the Illinois Supreme Court a Petition for Leave to File Exceptions to the Review Board's report ("PLE"), arguing: 1) that clear and convincing evidence presented at the disciplinary hearing established that Plaintiff had dishonestly held himself out to the public as an Illinois attorney for several years, and 2) that Plaintiff therefore should be suspended from the practice of law for at least 90 days and until further order of the Court.  Doc. 15, Ex. 4.  Plaintiff did not file an Answer to the ARDC's PLE although he was allowed to do so by Illinois Supreme Court Rule 753(e)(4).   Doc. 1 at ¶¶ 72-76.

On January 29, 2019, the Illinois Supreme Court issued the following order:

> Petition by the Administrator of the Attorney Registration and Disciplinary Commission for leave to file exceptions to the report and recommendation of the Review Board. <u>Allowed</u>.  Respondent Maurice James Salem is suspended from the practice of law for ninety (90) days and until further order of the Court.

Doc. 25, Ex. 5 (emphasis in original).  The Illinois Supreme Court's sanction meant that Plaintiff had to apply for reinstatement to again obtain permission to provide limited legal services in Illinois.  *See* Ill. S. Ct. R. 767.

Following the Illinois Supreme Court's order, the ARDC, as it does for all

orders of attorney discipline, posted a summary of Plaintiff's disciplinary case on the ARDC's website:

> Mr. Salem is licensed in New York but was never licensed in Illinois. He has, however, maintained a law office in Cook County, Illinois, for several years. The Supreme Court of Illinois suspended him for ninety days and until further order of the Court for dishonestly holding himself out to the public as an Illinois lawyer.

Available at www.iardc.org, Lawyer Search, Maurice James Salem.

The Executive Committee for the U.S. District Court for the Northern District of Illinois later took reciprocal disciplinary action against Plaintiff based on the action taken by the Illinois Supreme Court and suspended him in the district court for 90 days and until further order of the Illinois Supreme Court. *In the Matter of Salem*, No. 19 D 01 (N.D. Ill. Exec. Comm., March 13, 2019) (initial suspension order); *In the Matter of Salem*, No. 19 D 01 (N.D. Ill. Exec. Comm., July 25, 2019) (reconsideration denied).

On May 2, 2019, Plaintiff filed in the Illinois Supreme Court a petition seeking reinstatement to his pre-discipline status: a lawyer not admitted to the practice of law in Illinois but able to obtain permission to provide limited legal services in Illinois. Doc. 25, Ex. 6 at 2. A hearing was held before the ARDC's Hearing Board on February 19 and 20, July 23, and August 7, 2020. Doc. 25, Ex. 6 at 1-2. On October 26, 2020, the Hearing Board issued a report recommending against Plaintiff's reinstatement on grounds that he had engaged in serious misconduct, that he did not demonstrate that he fully recognizes the severity of his misconduct or that he respects the authority of the Illinois Supreme Court, that he engaged in the unauthorized

practice of law during his suspension, and that he was not candid or forthright in his reinstatement proceedings.  Doc. 25, Ex. 6 at 29-31.

<u>Plaintiff's Second Federal Suit Against Defendants</u>

On November 3, 2020, eight days after the Hearing Board recommended against Plaintiff's reinstatement, Plaintiff filed the instant complaint against the ARDC and its Administrator, Jerome Larkin, in his official and individual capacities. Doc. 1.  He alleged that the Defendants unconstitutionally suspended his ability to practice law on a limited basis in Illinois and that Defendants posted false information about the nature of his discipline on the ARDC's website.  Doc. 1 at ¶¶ 114-33.  He sought an order requiring Defendants to remove the case summary from the ARDC's website, compensatory damages of $50 million, and punitive damages of $100 million.  Doc. 1 at ¶¶ 125, 134, 149.

On the same day he filed the complaint, Plaintiff sought to change venue in the case to the U.S. District Court for the Western District of Michigan on grounds that the law license of every federal judge in Illinois was regulated by Defendants and, thus, those judges would labor under a conflict of interest in deciding the case. Doc. 6.  That motion was denied, as was Plaintiff's motion for reconsideration of that decision.  Docs. 17, 18, 19.

On November 18, 2020, Plaintiff sought recusal of District Judge John J. Tharp on grounds that Judge Tharp could not fairly decide the case because Defendants regulated his law license.  Doc. 20.  Judge Tharp declined to recuse himself.  Doc. 21.

On December 7, 2020, the Defendants moved to dismiss Plaintiff's complaint

on various grounds.  Docs. 24, 25.

On September 23, 2021, following an appeal from the ARDC's Hearing Board to its Review Board, the Illinois Supreme Court issued an order denying Plaintiff's petition for reinstatement to his pre-discipline status.  *In re Salem*, No. M.R. 029861 (Sept. 23, 2021).

On November 23, 2022, the district court granted the Defendants' motion to dismiss pursuant to F.R.C.P. 12(b)(1) and (b)(6), holding that Plaintiff's suspension-based claims were barred by the *Rooker-Feldman* doctrine and that his false-publication claim failed on the pleadings because Plaintiff did not foreclose a conceivable rational purpose for posting the case summary on the ARDC's website. Doc. 38.  Plaintiff timely appealed.  Doc. 40.

## SUMMARY OF THE ARGUMENT

Plaintiff's assertion that no federal judges sitting in Illinois could fairly decide this case against the ARDC because the ARDC regulates those judges' law licenses provided no basis upon which to transfer the case to the U.S District Court for the Western District of Michigan or to require District Judge Tharp to recuse himself. Plaintiff further failed to state a claim that his equal protection rights were violated by Defendant Larkin's decision to post on the ARDC's website a summary of Plaintiff's discipline case, in that Defendant Larkin's reading of the Illinois Supreme Court's order of discipline was entirely reasonable.  Finally, Plaintiff's attack on his Illinois disciplinary proceedings and his suspension is a request to this Court to review the Illinois Supreme Court's decision and is thus barred by the *Rooker-*

*Feldman* doctrine.

## ARGUMENT

### I.
### THE DISTRICT COURT PROPERLY DENIED PLAINTIFF'S MOTIONS TO CHANGE VENUE AND RECUSE

Plaintiff sought to change venue in the case to the U.S. District Court for the Western District of Michigan and, later, sought District Judge Tharp's recusal, on grounds that federal judges sitting in Illinois had their law licenses regulated by the ARDC and therefore could not decide the present case free from bias. Docs. 6, 20; Plaintiff's Brief at 12-20. Judge Tharp denied Plaintiff's motion to change venue because venue was not proper in Michigan. Doc. 17. Judge Tharp denied Plaintiff's motion to recuse himself holding, "The fact that a judge has a law license issued and regulated by defendant ARDC is not, standing alone, nearly enough for a reasonable, well-informed observer to surmise that 'the judge will resolve the case on a basis other than the merits.'" Doc. 21 at 1, *quoting In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990).

This Court reviews a decision denying transfer of venue under an abuse of discretion standard. *U.S. v. Philpot*, 733 F.3d 734, 740 (7th Cir. 2013). It reviews a recusal decision *de novo* and employs clear error review to a district court's factual findings underlying a recusal decision. *U.S. v. Walsh*, 47 F.4th 491, 498-99 (7th Cir. 2022).

Venue in actions under 42 U.S.C. § 1983 is governed by the general venue statute, 28 U.S.C. § 1391. *D'Amico v. Treat*, 379 F. Supp. 1004, 1007 (N.D. Ill. 1974).

Section 1391(b) allows civil suits to be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, or in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  A federal court may, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, transfer any civil action to any other district or division where it might have been brought."

Under 28 U.S.C. § 455(a), a federal judge must "recuse himself in any proceeding in which his impartiality might reasonably be questioned," or, under § 455(b)(1), when such judge has "a personal bias or prejudice concerning a party."  For purposes of subsection (a), Plaintiff must show that an objective, disinterested observer fully informed about the reasons for seeking recusal would entertain a significant doubt that justice would be done in the matter.  *U.S. v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020).  For purposes of subsection (b)(1), Plaintiff must show actual bias by compelling evidence.  *Barr*, 960 F.3d at 920.

As to the question of venue, venue was never proper in the Western District of Michigan.  Defendant Larkin is an Illinois resident, the ARDC is an administrative entity created by the Illinois Supreme Court, and Plaintiff's disciplinary proceedings occurred in Illinois and concerned Plaintiff's actions in Illinois.  The district court did not abuse its discretion in denying Plaintiff's motion to transfer venue to the Western District of Michigan.

As to the issue of recusal, there is no merit to Plaintiff's claim that federal

judges sitting in courts in Illinois are hindered by a conflict of interest because the ARDC regulates those judges' law licenses. The ARDC does not investigate or prosecute sitting federal judges for judicial misconduct. Federal judges are subject to the Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351-364, which provides a federal framework for disciplinary investigations and proceedings against federal judges. There is no reasonable basis to conclude that an Article III federal judge in Illinois, with a lifetime appointment, nominated by a President and confirmed by the United States Senate, would act so as to curry favor with the ARDC.

Further, federal judges are presumed to be impartial (*U.S. v. Baskes*, 687 F.2d 165, 170 (7th Cir. 1981)), and it is rank speculation by Plaintiff that federal judges would abandon their judicial role simply because the ARDC is a party in a case before them. Defendants submit that Plaintiff's claim is similar to a claim that, because the federal government pays a federal judge's salary, a federal judge cannot fairly preside over a case involving the federal government. Those claims have been unsuccessful. *D'Addabbo v. Obama*, 530 Fed. Appx. 828, 829 (10th Cir. 2013) (judge did not err in refusing to recuse himself on grounds that federal government paid his salary); *U.S. v. Gordon*, 2007 U.S. Dist. LEXIS 79591 (Colo. Oct. 19, 2007) (that federal government paid judge's salary provided no basis for recusal).

Finally, Plaintiff's assertion that he would also be unable to secure counsel to represent him in Illinois because no lawyer would litigate against the ARDC is both unsupported and without logical basis. There were 49,108 lawyers engaged in the private practice of law in Illinois in 2021 (Annual Report of 2022, Attorney

Registration and Disciplinary Commission, at 15 (available at iardc.org/Files/AnnualReports/AnnualReport2022.pdf)), and dozens of lawyers routinely litigate against the ARDC by representing attorneys who are the subject of disciplinary proceedings before the ARDC. Plaintiff has failed to show any error based on Judge Tharp's refusal to change venue or recuse himself in this case.

## II.
### PLAINTIFF FAILED TO STATE A CLAIM
### BASED ON THE ATTORNEY DISCIPLINE
### SUMMARY ON THE ARDC'S WEBSITE

Plaintiff claims that Defendants violated his equal protection rights when they posted on the ARDC's website the following summary of the Illinois Supreme Court's order imposing discipline on Plaintiff:

> Mr. Salem is licensed in New York but was never licensed in Illinois. He has, however, maintained a law office in Cook County, Illinois, for several years. The Supreme Court of Illinois suspended him for ninety days and until further order of the Court for dishonestly holding himself out to the public as an Illinois lawyer.

Plaintiff's Brief at 21-27; summary available at www.iardc.org, Lawyer Search, Maurice James Salem. According to Plaintiff, the posted summary was false as he was never found to have acted dishonestly by the ARDC's Hearing Board in his disciplinary proceedings. Plaintiff's Brief at 21-27.

The district court dismissed Plaintiff's claim against the ARDC because it is not a "person" subject to suit under § 1983. Doc. 38 at 13-14. It dismissed Plaintiff's claim for damages as to Mr. Larkin in his official capacity for the same reason. Doc. 38 at 15. As to Plaintiff's claim for injunctive relief against Mr. Larkin in his official

capacity and his claim for damages against Mr. Larkin in his individual capacity, the district court held that Plaintiff had failed to state a viable claim for relief because he failed to negate any reasonably conceivable state of facts providing a rational basis for posting the discipline summary.  Doc. 38 at 14-16.

This Court reviews *de novo* the district court's decision to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016).  For purposes of a Rule 12(b)(6) analysis, a plaintiff is required to plead sufficient facts to state a claim that is plausible on its face, not merely possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009).  The plaintiff "'must give enough details about the subject-matter of the case to present a story that holds together[,]'" and the "required level of factual specificity rises with the complexity of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616-17 (7th Cir. 2011), *quoting Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).  Legal conclusions are not entitled to the presumption of truth afforded well-pleaded facts (*McCauley*, 671 F.3d at 616)), nor are "bald assertions" and "unsupported conclusory statements." *Lanahan v. County of Cook*, 41 F.4th 854, 862 (7th Cir. 2022).  Moreover, where an exhibit attached to a complaint negates the complaint's allegations, a court is not required to credit the unsupported allegations. *Bell v. Lane*, 657 F. Supp. 815, 817 (N.D. Ill. 1987).

To state a "class of one" equal protection claim, a plaintiff generally must allege 1) that he has been intentionally treated differently from others similarly situated and 2) that there is no rational basis for the disparate treatment. *LaBella Winnetka,*

*Inc. v. Vill. of Winnetka*, 628 F.3d 937, 941-42 (7th Cir. 2010). "To be considered 'similarly situated,' a plaintiff and his comparators (those alleged to have been treated more favorably) must be identical or directly comparable in all material respects." *LaBella Winnetka*, 628 F.3d at 942. A "class of one" claim can be stated absent a comparator if the plaintiff can exclude any reasonably conceivable state of facts that would provide a rational basis for the classification. *Miller v. City of Monona*, 784 F.3d 1113, 1121 (7th Cir. 2015).

On appeal, Plaintiff argues that Defendant Larkin could not have had a rational basis for posting the discipline summary asserting that Plaintiff had acted dishonestly in holding himself out to the public as an Illinois attorney because the Illinois Supreme Court could not have made a finding as to dishonesty without convening a fact-finding hearing. Plaintiff's Brief at 21-27. Plaintiff is mistaken.

The ARDC argued to the ARDC's Hearing Board at the hearing in Plaintiff's disciplinary proceeding that the evidence that had been presented to that board established that Plaintiff had dishonestly held himself out to the public as an Illinois lawyer. Doc. 25, Ex. 1 at 16-30. It made the same arguments to the Review Board on appeal from the Hearing Board's decision declining to find that misconduct. Doc. 25, Ex. 3 at 1, 11-19. After the Review Board affirmed the Hearing Board's report, the ARDC appealed and made that same argument to the Illinois Supreme Court in its PLE and asserted that, if the court agreed that the evidence in the record showed that Plaintiff had dishonestly held himself out to the public as an Illinois attorney, the appropriate sanction was a suspension for at least 90 days and until further order

of the court.  Doc. 25, Ex. 4 at 17-29.

Although Plaintiff had an opportunity to file an Answer to the ARDC's PLE pursuant to Illinois Supreme Court Rule 753(e)(4), he chose not to do so.  Doc.1 at ¶¶ 72-76.  When the Illinois Supreme Court allowed the ARDC's PLE and suspended Plaintiff for 90 days and until further order of the court, the ARDC reasonably read that as the Illinois Supreme Court having agreed that Plaintiff had dishonestly held himself out to the public as an Illinois attorney, and that such dishonest conduct (rather than the lesser misconduct found by the Hearing and Review Boards) warranted the sanction imposed by the court.  The ARDC then posted a summary of Plaintiff's disciplinary case on the ARDC's website, as is done for all disciplined attorneys.

That Defendants' reading of the Illinois Supreme Court's order was reasonable is supported by the district court executive committee's identical reading of the order.  In denying Plaintiff's reinstatement to the district court, the executive committee noted that Plaintiff had wrongly characterized the Illinois Supreme Court's order of discipline in his pleading there:

> The Illinois Supreme Court "[a]llowed" the ARDC's "exceptions to the report and recommendation of the Review Board" and adopted the 90-day suspension proposed by the exceptions.  Order of Jan. 29, 2019 (Ill. S. Ct.)  The Illinois Supreme Court thus adopted the ARDC's detailed, 29-page filing, which presented and cited a variety of exhibits and testimony in support of a finding that Salem dishonestly held himself out to the public as an Illinois attorney after January 1, 2010, and continuing until at least 2015.  So Salem's contention that the misconduct comprised "one incident that involved an unintentional error," [Reinstatement] Motion at 2, is

14

rejected.

*In the Matter of Salem*, 19 D 01 (N.D. Ill. Exec. Comm. May 10, 2019) at 3-4.

Defendants submit that the Illinois Supreme Court's allowance of the ARDC's PLE, the only filing before the court (and one raising the single misconduct/sanction issue), together with the court's imposition of the sanction requested by the ARDC, establish that court's agreement that the evidence that had been presented by the ARDC to the Hearing Board proved that Plaintiff had dishonestly held himself out to the public as an Illinois attorney.

There was no requirement that the Illinois Supreme Court convene any sort of hearing to examine the evidence that had already been presented to the Hearing Board and was present in the record. *See e.g., U.S. v. Beck*, 615 F.2d 441 (7th Cir. 1980) (Seventh Circuit reversed district court's granting of post-trial motion for acquittal, finding that evidence presented at trial had been sufficient for conviction); *People v. Cline*, 2022 IL 126383 (after appellate court reversed burglary conviction finding insufficient evidence to support it, Illinois Supreme Court reversed appellate court's decision holding that evidence had been sufficient to support conviction). Because the Illinois Supreme Court was authorized to weigh the evidence in the record and granted the ARDC's PLE, the ARDC was justified in describing Plaintiff's misconduct on its website as that argued to the Illinois Supreme Court – that Plaintiff had dishonestly held himself out to the public as an Illinois lawyer.

As the district court held, Plaintiff failed to negate any rational basis for the ARDC posting on its website the discipline summary at issue in this case. Plaintiff's

claim that he was denied equal protection by the posting of the summary was properly dismissed.

### III.
### PLAINTIFF'S SUSPENSION-BASED CLAIM IS BARRED BY *ROOKER-FELDMAN*

The district court held that the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)) barred Plaintiff's equal protection claim contesting the suspension of his ability to provide limited legal services in Illinois, because the claim is an attack on the Illinois Supreme Court's suspension order. Doc. 38 at 8-13. Plaintiff claims that the district court erred because the ARDC proceeding was an administrative proceeding, and because his injury occurred after the proceeding ended. Plaintiff's Brief at 27-31. The district court ruled correctly.

This Court reviews *de novo* the district court's determination that *Rooker-Feldman* barred consideration of Plaintiff's claim. *Andrade v. City of Hammond*, 9 F.4th 947, 949 (7th Cir. 2021).

"The *Rooker-Feldman* doctrine 'essentially precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims that are 'inextricably intertwined' with state court determinations.'" *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527 (7th Cir. 2000), *quoting Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). This Court held in *Johnson v. Sup. Ct. of Ill.*, 165 F.3d 1140 (7th Cir.), *cert. denied*, 528 U.S. 916 (1999), that a decision by a state court to disbar a lawyer may not be cited as the source of a claimed injury, in federal

court, for purposes of bringing a section 1983 action, explaining that "the *Rooker-Feldman* doctrine eliminates most avenues of attack on attorney discipline." *Johnson*, 165 F.3d at 1141.

Here, Plaintiff claims that *Rooker-Feldman* does not apply because his ARDC proceedings were administrative proceedings, not judicial proceedings. According to Plaintiff, the Illinois Supreme Court attempted to create a judicial forum in the ARDC, but such attempt violated the Illinois Constitution, so his disciplinary proceedings cannot have been judicial proceedings, and because his disciplinary proceedings were not judicial proceedings, there is no *Rooker-Feldman* bar. Plaintiff's Brief at 27, 29. Plaintiff is incorrect.

The Illinois Supreme Court has held that it has inherent power to regulate the admission of attorneys to the Illinois bar and to discipline those attorneys who have been authorized to practice in Illinois. *In re Thomas*, 2012 IL 113035, ¶ 109, *citing In re Mitan*, 75 Ill. 2d 118, 123, *cert. denied*, 444 U.S. 916 (1979); Ill. S. Ct. Rules 707(j), 779. The court explained:

> Under the constitution of this State the judicial power is vested solely in the courts (Const. art. 6, sec. 1, and art. 3); *Missouri River Telegraph Co. v. First Nat. Bank*, 74 Ill. 217; *In re Day*, 181 [Ill.] 73.) Included in this general grant are all powers necessary for complete performance of the judicial functions. (*State of Illinois v. Illinois Central Railroad Co.* 246 Ill. 188.) Although the constitution does not expressly confer upon this court power and jurisdiction with respect to the admission of attorneys to practice law, such power and jurisdiction are necessarily implied and are inherent in this court. (*In re Day, supra.*) As part of such inherent power this court may not only determine the educational and moral qualifications of applicants for admission to the bar but

17

> may also discipline or disbar attorneys for misconduct.
> (*People v. Chamberlain*, 242 Ill. 260; *People v. Czarnecki*,
> 268 [Ill.] 278.)  Attorneys are officers of this court and their
> conduct as such is subject to supervision by it.  They are, in
> effect, a part of the judicial system of the State.

*People ex rel. Ill. State Bar Ass'n v. Peoples Stock Yard Bank*, 344 Ill. 462, 470 (1931).

The court has also explained that attorney discipline proceedings are in the nature of

an original proceeding in the supreme court in which the ARDC and its officers and

boards serve only as agents of the court in administering the disciplinary functions

that have been delegated to them.  *Mitan* 75 Ill. 2d at 123-24.  This Court has also

noted that an attorney's disbarment by the Supreme Court of Illinois was a judicial

action of that court.  *Johnson*, 165 F.3d at 1141; *see also Levin v. Atty. Reg. & Disc.

Comm'n of the Sup. Ct.*, 74 F.3d 763, 766 (7th Cir.), *cert. denied*, 518 U.S. 1020 (1996)

(Illinois attorney discipline proceedings are judicial in nature).  The suspension of

Plaintiff's ability to practice law in Illinois was a judicial action taken by the Illinois

Supreme Court.  As such, the *Rooker-Feldman* doctrine applies to prevent a federal

district or circuit court from reviewing the correctness or constitutionality of that

suspension order.

Plaintiff is also incorrect in arguing that he had no ability to challenge the

suspension order since it "occurred only after the Illinois Supreme Court rendered it's

[*sic*] ruling . . . at the end of the entire proceeding."  Plaintiff's Brief at 29.  In point

of fact, the Illinois Supreme Court's January 29, 2019 order suspending Plaintiff's

ability to provide limited legal services in Illinois for 90 days and until further order

of the Court was the order imposing the sanction about which Plaintiff complains, not

anything happening subsequent to the entry of that order. As noted above, Plaintiff had the opportunity to file an answer to the ARDC's PLE in that court in which he could have argued against the ARDC's position that the evidence before the Hearing Board showed more significant misconduct than was found by the Hearing and Review Boards and that a suspension of 90 days and until further order of the court should therefore be imposed. He never filed an answer. Further, Plaintiff could have filed a petition for a writ of *certiorari* in the U.S. Supreme Court to contest the Illinois Supreme Court's suspension decision. *Johnson*, 165 F.3d at 1141. Plaintiff has no viable basis to assert that he lacked an ability to challenge the Illinois Supreme Court's sanction order.

Plaintiff's insistence that he could have challenged the sanction order only in a forum open to evidentiary hearings is meritless. As set out above in Argument II, no hearing was required in order for the Illinois Supreme Court to review and weigh the evidence that had been presented to the Hearing Board. *See People v. Cline*, 2022 IL 126383; *U.S. v. Beck*, 615 F.2d 441 (7th Cir. 1980).

Additionally, Plaintiff's attempt to use this Court's decision in *Levin* as support for his claim that his failure to challenge his suspension in the Illinois proceedings avoids *Rooker-Feldman* is meritless. Plaintiff writes:

> In *Levin*, 74 F.3d at 763, the Seventh Circuit held:
>
> The district court ruled that, under the *Rooker-Feldman* doctrine, it lacked subject-matter jurisdiction over Counts I, II, III, and V because similar claims were raised before the IL Supreme Court in Levin's Rule 383 motion. However, the district court took jurisdiction over Count VI on the ground that Levin did not raise this claim before the

IL Supreme Court.

Plaintiff's Brief at 29-30.  Plaintiff then proceeds to argue, "Like Count VI in the *Levin* case, Salem second pleaded injury [*sic*], the suspension of his law license . . . was not raised in the ARDC proceeding because it could not have possibly been."  Plaintiff's Brief at 30.  Plaintiff omits the salient point that, in *Levin*, this Court found that the district court *erred* by considering Count VI, explaining that "[t]he claims raised in the district court need not have been argued in the state judicial proceeding for them to be barred by the *Rooker-Feldman* doctrine."  *Levin*, 74 F.3d at 766.  This Court held that Mr. Levin's Count VI was barred by *Rooker-Feldman* because it was an attack on the Illinois Supreme Court's disbarment order.  *Levin*, 74 F.3d at 766-67.

Just so in this case.  Plaintiff's complaint that his suspension is so long as to shock the conscience is a direct attack on the Illinois Supreme Court's suspension order, an order he had the opportunity to argue against before and after it was imposed.  The *Rooker-Feldman* doctrine bars adjudication of Plaintiff's federal suspension-based claims in this Court, because those claims all stem from the fact of his suspension or the manner in which his suspension was imposed.  *See Levin*, 74 F.3d at 766.

Although Plaintiff does not seek to have this Court void the Illinois Supreme Court's order imposing discipline on him, he does seek to have this Court declare that the imposition of discipline, and the manner in which that discipline was obtained, violated his constitutional rights.  In that respect, his claims are an invitation to this Court to review the validity of his disciplinary proceedings, something that *Rooker-*

*Feldman* prohibits.

## CONCLUSION

For the foregoing reasons, Defendants the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois and Jerome Larkin respectfully request that this Court affirm the decision of the United States District Court for the Northern District of Illinois dismissing Plaintiff Maurice J. Salem's complaint against them.

Respectfully submitted,

By: _____

Steven R. Splitt

Steven R. Splitt
Counsel for Defendants
One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, Illinois  60601
Telephone:  (312) 540-5329
MAINLIB_#1602308

21

## CERTIFICATE OF COMPLIANCE WITH F.R.A.P. RULE 32(a)

The undersigned attorney hereby certifies that the attached brief complies with

1.      the length limitation of Fed. R. App. R. 32 (a)(7)(A), because the brief contains 23 pages; and

2.      the typeface requirements of Fed. R. App. P. 32(a)(5) and Cir. R. 32(b), and the type style requirements of Fed. R. App. P. 32(a)(6), because the brief has been prepared in a proportionally spaced typeface using Word 365, in 12-point Century typeface.

_____
Steven R. Splitt
Attorney for Defendants

Date: May 11, 2023

STATE OF ILLINOIS    )
                     )    SS.
COUNTY OF COOK       )

## PROOF OF SERVICE

The undersigned hereby certifies that on May 11, 2023, two (2) copies of the foregoing Brief of Defendants-Appellees were served upon Plaintiff Maurice Salem at the address listed below by depositing such copies in the United States mail at 130 East Randolph Drive, Chicago, Illinois, in an envelope bearing sufficient postage, and on the same date a digital courtesy copy also was sent to Plaintiff Maurice Salem at salemlaw@comcast.net.

Maurice Salem
7156 W. 127th Street, B-149
Palos Heights, IL  60463
salemlaw@comcast.net

By:    _____
                    Steven R. Splitt

Date: May 11, 2023

Steven R. Splitt
Counsel for Defendants
One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, Illinois  60601
Telephone:  (312) 540-5329